# Wiszginda, Appellant, *v.* Schuylkill Traction Company.

*Negligence—Street railways—Infant—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries, it appeared that the plaintiff, a boy nine years old, ran some distance on the pavement of a city street to overtake a brewery wagon and at the middle of a block suddenly turned from the pavement to the street, ran behind the wagon to the car track and was instantly struck by a car. The motorman, called as the plaintiff's witness, testified that he first saw the boy when he ran on the track five or six feet in front of the car, and all of the witnesses agreed that he was struck immediately after coming from behind the wagon. The car was not running at an undue speed. *Held*, that a nonsuit was properly entered.

Argued Feb. 14, 1905.   Appeal, No. 273, Jan. T., 1904, by plaintiff, from order of C. P. Schuylkill Co., July T., 1901, No. 136, refusing to take off nonsuit in case of John Wiszginda by his next friend and father, George Wiszginda, v. Schuylkill Traction Company.   Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SHAY, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusing to take off nonsuit.

*C. N. Brumm*, with him *Wm. K. Shissler*, for appellant.

*Thomas Leaming*, with him *MacHenry Wilhelm*, for appellee.

PER CURIAM, June 22, 1905:

The facts upon which a nonsuit was granted were these: A boy some nine years of age ran some distance on the pavement of a city street to overtake a brewery wagon and at the middle of a block suddenly turned from the pavement to the street, ran behind the wagon to the car track and was instantly struck by a car.   The motorman, called as the plaintiff's witness, testified that he first saw the boy when he ran on the track five or six feet in front of the car, and all of the witnesses agree that he was struck immediately after coming from behind the wagon.   The youth of the plaintiff did not relieve him from the burden of proving negligence.   Of this there was no sufficient proof.   The speed of the car was not an undue speed at the middle of a block and it did not cause the accident.   The sudden and unexpected act of the plaintiff gave the motorman only a second of time in which to stop the car.

The judgment is affirmed.